UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-163 (NEB/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEON NECOLE WILLIAMS.,
  a/k/a "Ghost,"

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant Deon Necole Williams (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). The defendant fully understands the nature and elements of the crime with which he has been charged.

2. **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1



The Government and the defendant agree that, on or about November 15, 2022, in the State and District of Minnesota, the defendant knowingly and intentionally possessed a firearm, specifically a Smith & Wesson model M9 9mm semiautomatic pistol bearing serial number HKN3931. The defendant agrees that the firearm was manufactured outside the State of Minnesota and does not dispute that the firearm traveled in and affected interstate commerce prior to its recovery in the District of Minnesota on November 15, 2022. The defendant agrees that, prior to November 15, 2022, he had been convicted of at least the four felony offenses listed below, each of which was punishable by imprisonment for a term exceeding one year:

| Conviction | Date of Conviction (on or about) | Place of Conviction |
|---|---|---|
| Aggravated Robbery | 10/6/2014 | Hennepin County, MN |
| Attempted Simple Robbery | 9/4/2019 | Hennepin County, MN |
| Felon in Possession of a Firearm | 1/7/2021 | Hennepin County, MN |
| Simple Robbery | 8/10/2022 | Hennepin County, MN |

The defendant stipulates and agrees that when he possessed the firearm on November 15, 2022, he knew he had been convicted of at least one crime punishable by a term of imprisonment exceeding one year.

The defendant admits and agrees that he knowingly possessed the firearm on November 15, 2022. He further stipulates and agrees that he acted voluntarily, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this

2

plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.   **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.   **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience

additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that the crime charged in Count 1 of the Indictment (being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8)) is a felony offense that carries the following statutory penalties:

   a. a maximum term of fifteen (15) years imprisonment;
   b. no mandatory minimum term of imprisonment;
   c. a supervised release term of no more than three (3) years;
   d. a criminal fine of up to $250,000.00; and
   e. a mandatory special assessment of $100.00, which is payable to the Clerk of Court before sentencing.

7. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that

the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that, because the defendant committed the instant offense subsequent to sustaining at least two felony convictions of crimes of violence, the defendant's base offense level is 24. (U.S.S.G. § 2K2.1(a)(2)). The parties agree no specific offense characteristics apply.

    b.    <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no Chapter 3 adjustments apply.

    c.    <u>Acceptance of Responsibility and Other Chapter Three Adjustments</u>. The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional one-level reduction under § 3E1.1(b).

    Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. The parties agree that no other Chapter Three adjustments apply in this case.

    d.    <u>Criminal History Category</u>. Based on the information currently available to the parties, the defendant's criminal history points would place him in criminal history category VI. (U.S.S.G. § 4A1.1). The defendant's actual criminal history and any related status will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentence based on his true criminal history category and will not be permitted to withdraw from this Plea Agreement.

  e. <u>Guideline Range</u>. If the defendant's adjusted offense level is <u>21</u> (base level 24, decreased by 3 levels for acceptance of responsibility) and his criminal history category is <u>VI</u>, the advisory Guidelines range is <u>77-96</u> months imprisonment.

  f. <u>Fine Range</u>. If the adjusted offense level is 21, the fine range is $15,000 – $150,000. (U.S.S.G. § 5E1.2).

  g. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least 1 year but not more than 3 years. U.S.S.G. § 5D1.2(a)(2).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the

Court does not accept the sentencing recommendation(s) of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Forfeiture**.

   a. Firearm. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the Smith & Wesson model M9 9mm semiautomatic pistol bearing serial number HKN3931 and all ammunition and accessories seized therewith. The defendant agrees that such property is subject to forfeiture because it was involved in Count 1 of the Indictment.

   b. Remedies. The defendant agrees that the United States may, at its option, forfeit the foregoing property through civil, criminal or administrative proceedings. The defendant waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

13. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the

defendant is pleading guilty. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

14. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement**. The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: June 5, 2023

BY: _____
JUSTIN A. WESLEY
Assistant United States Attorney

Date: 6-5-23

_____
DEON NECOLE WILLIAMS
Defendant

Date: 6/5/23

_____
DEBRA J. HILSTROM
Counsel for Defendant

9